INHABITANTS OF AMHERST *vs.* INHABITANTS OF SHELBURNE.

A vote of a town between 1767 and 1789, by which J. S. and others were " constituted " one of the school districts of the town, is no evidence of such approbation of the town of his dwelling there, as was required by the Prov. St. of 7 G. 3, c. 3, to give him a settlement in the town.

Legitimate children cannot derive a settlement from their mother, without proving that their father had no settlement within the Commonwealth.

ACTION OF CONTRACT to recover the expenses of supporting Norman Smith, a lunatic pauper, at the State Lunatic Hospital in Worcester. Trial in the court of common pleas in Hamp-

29 *

shire at February term 1859, before *Morris, J.,* who signed a bill of exceptions, the material part of which was as follows :

" Norman was born in Whitingham, Vermont, on the 14th of June 1814, and was the son of Elijah Smith, and grandson of Asa Smith and Submit Smith his wife, who moved to Whitingham from Shelburne in April 1796.  Asa Smith was born in Belchertown, and went to Shelburne when he was about twenty.

".It appeared by the records of the town of Shelburne, that at a town meeting held on the 12th of May 1783, under a proper article in the warrant, Asa Smith with seventeen other persons named were by vote of the town constituted the northwest school district, pursuant to the report of a committee of the town.

" The plaintiffs contended that by virtue of this vote he gained a settlement in Shelburne, and that if he did not thus gain a settlement there, he had a settlement in Shelburne, derived from Submit Smith, his grandmother ; there being no other evidence tending to show that Asa Smith gained a settlement in this commonwealth, and Elijah Smith not having gained a settlement here till after Norman became of age.

" But the court ruled that Asa did not gain a settlement in Shelburne by being a member of the school district as aforesaid; and that the plaintiffs must prove that Asa Smith had no settlement in this commonwealth, before they could establish a derivative settlement for the pauper through Submit Smith.

" The jury returned a verdict for the defendants.   To the foregoing rulings and instructions the plaintiffs except."

*R. A. Chapman & E. Dickinson,* for the plaintiffs.

*G. T. Davis & C. Allen,* for the defendants.

METCALF, J.   The vote of the town of Shelburne, in May 1783, by which Asa Smith and others were " constituted the northwest school district," did not confer on him a settlement in that town.   There never was any law in Massachusetts, by which a settlement could be acquired in that way.   If he first went to reside in Shelburne after the 10th of April 1767, (which the exceptions do not show,) the only way in which he could

gain a settlement there, until after the passage of *St.* 1789, *c.* 14, was by making his desire known to the selectmen, and obtaining the approbation of the town, at a general meeting of the inhabitants, for his dwelling there.      *St.* 7 G. 3, *c.* 3, Anc. Chart. 663, 664.      Leavitt's Summary, 17–27.      If, before the 10th of April 1767, he went to reside there, and gained a settlement in any of the ways then prescribed or recognized by law, that fact should have been shown at the trial.

The words of the *St.* of 7 G. 3 are very explicit, " that no person shall gain an inhabitancy " in any town by any length of residence there without warning, unless he " shall first have made known his desire to the selectmen thereof, and obtained the approbation of the town at a general meeting of the inhabitants for his dwelling there ; nor shall any town be obliged to be at charge for the relief and support of any person residing in such town, that has not been approved as aforesaid."

In *Orange* v. *Sudbury,* 10 Pick. 22, it was decided that the approbation, by a town, of a man as juror, was not such an approbation of his dwelling in the town, as was required by said *St.* 7 G. 3, in order to confer a settlement on him ; an implied assent of the town not being sufficient for that purpose. In the present case, there was not even an implied approbation by the town of Shelburne of Asa Smith's dwelling there.   He was an inhabitant of the town, and by law entitled to the privileges of the town schools, though he had no settlement in that or any other town ; and upon the formation of school districts, he would, of course, be included in some one of them.   And this is also an answer to a suggestion made in the argument for the plaintiffs, that Asa Smith and others being constituted a school district was evidence from which it might legally be inferred that he had previously gained a settlement.   That point, however, was not made at the trial, and is not now open to the plaintiffs.   But if it were open, it would not avail them.

The plaintiffs waived their exception to the ruling, that they must prove that Asa Smith, the pauper's grandfather, had no settlement in the Commonwealth, before they could establish a derivative settlement of the pauper through Submit Smith, his

mother. By the English common law, legitimate children de-rive their settlement from their father, if he have a settlement in England, and if he have none in England, then from their mother, if she have one there. *Rex* v. *St. Botolph's*, Bur. Set. Cas. (2d ed.) 367, and Sayer, 200. *Rex* v. *St. Matthew*, Bur. Set. Cas. 482. So by our statutes, which adopted the pre-existing rule of the common law, in this particular, such children follow and have the settlement of their father, if he have any within this commonwealth; but if he shall have none, they shall follow and have the settlement of their mother, if she have any. And that the ruling above stated was right, and the exception thereto properly waived, see *Wilmington* v. *Burlington*, 4 Pick. 174; *Randolph* v. *Easton*, 23 Pick. 245, 246; *Barnstead* v. *Alton*, 32 N H. 245. *Exceptions overruled*